## BISCOE vs. THE STATE.

Where no question of law has been reserved during the progress of the trial: and there is not a total want of evidence to sustain the verdict, this Court will affirm the judgment. (13 *Ark.* 353; *Ib.* 137, 403.)

In a suit by the State, the defendant cannot avail himself of a set-off, unless he brings himself within the provisions of the statute. (*Sec.* 13, *chap.* 23. *Dig.*)

*Appeal from Phillips Circuit Court.*

Hon. GEORGE W. BEAZLEY, Circuit Judge.

CUMMINS & GARLAND, for the appellant, contended that as the

United States had made no provision for paying the appellant for the extra services imposed upon him by the grant of the 500,000 acres to the State, he had a right to charge the State for the services rendered in respect to the grant, and set off his claim in the present action, which was brought to recover the price of a portion of the same lands.

HEMPSTEAD, Solicitor General, contending that there was no law authorizing the claim for fees, attempted to be set off, referred to *sec.* 13, *ch.* 23, *Dig.*, regulating the allowance of a set-off against the State.

Mr. Justice HANLY delivered the opinion of the Court.

The State sued Biscoe, in the Phillips Circuit Court, in an action of covenant, founded on a bond made by him to the State, for the sum of $702 75, in payment of so much of the internal improvement land bought by him from the State. The bond, in the case before us, bears date 26th May, 1847, and is payable in five equal annual instalments, with interest at six per centum per annum from the date thereof until paid. At the time suit was brought, there were two instalments, with interest, due and unpaid, and the suit was brought for the recovery of them.

Biscoe appealed and pleaded that the State was indebted to him in the sum of $3,000, for work and labor performed, and commissions due, etc., offered to set-off so much of the amount due him as would be sufficient to satisfy and discharge the sum of $421 65—being the amount of damages claimed by the State, by reason of the breaches assigned in her declaration— and for the residue of the amount claimed, he demanded judgment against the State.

Biscoe filed with his plea of set-off a bill of particulars in the following words and figures, to wit:

" THE STATE OF ARKANSAS,

To Henry L. Biscoe,    Dr.

For commissions and entrance fees, and for work and
labor in and about the entry of 89,509 95-100
acres of land, selected, located and entered in
the Land Office of the United States, at Helena,
for said State, under the laws of Congress, (4th
September, 1841, and 19th March, 1842,) grant-
ing to said State 500,000 acres of land, situate in
said State, for the purpose of internal improve-
ment, at 1¼ cents per acre ················ $1,118 37."

Issue was taken on this plea, and by consent of parties the
trial was submitted to the Court sitting as a jury. On hearing
all the evidence offered, the Court found the issue for the State,
and assessed her damages at $432 89, for which amount and
costs, judgment was rendered, and for which, the record entry
states, Biscoe, by his attorney, excepted at the time.

No exceptions were taken during the progress of the trial,
and the Court was not asked to declare the law upon the par-
ticular state of facts proved at the trial; but as far as the record
shows to the contrary, the Court found upon the weight of the
evidence adduced.

After the finding and the rendition of the judgment thereon,
Biscoe, the appellant, moved the Court for a new trial: which
being considered, was overruled: he excepted and appealed.
The bill of exceptions contains all the evidence deposed at the
trial.

No exception having been reserved by the appellant to any
ruling of the Court below, during the progress of the trial, and
the Court not having been asked to declare the law applicable
to the particular state of facts proved at the trial, there is no
question presented by the transcript before us except upon the
evidence. See *State Bank vs. Conway*, 13 *Ark. Rep.* 353; *Lefils
& Christian vs. Sugg*, 15 *Ib.* 137.

According to the uniform rule in such case this Court will not
disturb the verdict of a jury, or the finding of a Court on the

36

facts unless there is a total want of evidence to warrant or sustain it. See *Pleasants vs. Heard*, 15 *Ark. Rep.* 403.

Testing this case by the rule just stated, we will look to the evidence, and determine whether there is such a total want of evidence to support the finding of the Court, as will warrant us in setting it aside, and award to the appellant a new trial in accordance with his motion.

There can be no doubt, from the proof, but that the plaintiff below fully made out her case against the appellant. The only question, about which there seems the slightest controversy, is that which grows out of the appellant's set-off. The proof as to that is deficient in several particulars. Among them the most prominent is the omission of the appellant to prove that his bill of particulars, filed with his set-off, had been exhibited to the Auditor of this State, and by him allowed: or else to bring himself within some one of the exceptions contained in the statutes: neither of which he did.

The statute on the subject is in these words:

" *In suits brought in behalf of the State, no debt or claim shall be allowed as a set-off, but such as have been exhibited to the Auditor and by him allowed, except only in cases where it shall be proven, to the satisfaction of the Court, that the defendant, at the time, is in possession of vouchers, which he could not produce to the Auditor, or that he was prevented from exhibiting the claims to the Auditor in consequence of sickness or absence.*" See *Digest, chap.* 23, *sec.* 13, *p.* 203.

The appellant having failed in his proof, in this particular, could not have been allowed his set-off. The other proof offered by the appellant at the trial, was altogether fruitless without the evidence required by the statute had accompanied it. The fact is, there is no testimony in the record affording the slightest grounds for any other finding than the one the Court made in this case. The Court below could not have done otherwise, therefore, than overrule the appellant's motion for a new trial; and as that is the only error assigned, the judgment must be affirmed.